WILLBANK (HAWKINS v.). See Case No. 6,247.

WILLETT v. The ORIENT. See Case No. 10,-569.

WILLETTS (UNITED STATES v.). See Case No. 16,699.

━━━━━

## Case No. 17,682.

### WILLENDSON v. FORSOKET.

[1 Pet. Adm. 197.]

District Court, D. Pennsylvania. 1801.

UNITED STATES COURTS—JURISDICTION OF FOREIGN SEAMEN.

[1. The court will not take cognizance of disputes between masters and crews of foreign ships except in special cases.]

[Cited in The Jerusalem, Case No. 7,293: The Bee, Id. 1,219; Davis v. Leslie, Id. 3,639: The Becherdass Ambaidass, Id. 1,203: The Belgenland v. Jensen, 114 U. S. 364, 5 Sup. Ct. 864; The Topsy, 44 Fed. 635.]

[2. A foreign seaman cited the master of the vessel on a claim for wages, alleging a discharge at Philadelphia. The master denied the discharge, and charged a desertion, which forfeited wages. He had refused to admit the seaman into the ship, and the latter had stayed on shore at lodgings. Held that, the master offering to return the seaman to his own country, and to give him a certificate of forgiveness of past offences, the suit should be dismissed.]

The claimant, a foreign seaman, and one of the crew of a Danish ship, belonging to Altona, cited the master on a claim for wages. Although bound by the articles to return to Altona, the seaman alleged a discharge at Philadelphia. The captain denied the discharge, and charged the mariner with desertion, for more than twenty-four hours,

which, by the Danish laws, forfeited wages. He had refused to admit the seaman into the ship, and the sailor staid on shore at lodgings for a considerable time: there were faults on both sides; but the master now offered to take him again on board, on his promise of good behaviour in future, and to forgive all past offences.

It was insisted, that this was a case in which the court ought to interfere, the contract being at an end, by the alleged discharge, and the sailor, in a Danish court, would not have the benefit of the proof of which he was here possessed, to repel the charge of desertion, and support his alleged discharge.

BY THE COURT. It has been my general rule not to take cognizance of disputes between the masters and crews of foreign ships. I have commonly referred them to their own courts. In some very peculiar cases, I have afforded the seamen assistance, to protect them against oppression and injustice; and in cases where the voyage was broken up, or ended here, I have compelled the payment of wages. Masters too have always been assisted in recovering deserters, and reducing to obedience perverse and rebellious mariners; these must be restored only to the ship from which they abscond. Under pretext of carrying home deserting seamen, attempts have been made to increase the force, by adding to the numbers, of an armed belligerent ship. Neither assistance or permission should be afforded for this purpose in a neutral territory. In the case now before me, I see no cause to warrant my taking cognizance. It is the duty of the master to return the seaman to his own country. This he offers to do.—It is my duty, from motives of justice, and reciprocal policy, to discourage foreign seamen under engagements to perform their voyage, from breaking their contracts, with any views of obtaining higher wages, or from other unjustifiable motives, quitting the service in which they are engaged. Reciprocal policy, and the justice due from one friendly nation to another, calls for such conduct in the courts of either country. Whatever ill-humours or misconduct may have prevailed between the parties in this suit, the master now places the matter on a reasonable ground. He must give the sailor a certificate of forgiveness of past offences, to avail him in his own country. If he takes the seaman on board, and there shall appear no deception in the present offer, I shall not further interfere, but dismiss the suit. If any difference should hereafter arise, it must be settled by a Danish tribunal.

It was stipulated on the part of the captain, by authority from the Danish consul, that the master should bona fide comply with his engagement, and pay the sailor's debt for boarding, to be deducted out of his wages.